AO 91 (Rev. 12/93) Criminal Complaint ◉

## United States District Court

### DISTRICT OF DELAWARE

**UNITED STATES OF AMERICA**

v.

**JORGE MEJIAS,**

**Criminal Complaint**

**CASE NUMBER:** 08-*125-M*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about ___July 22, 2008___ in ___New Castle___ County, in the District of Delaware, defendant did:

remain in the United States, having illegally re-entered the United States on or about July 11, 2007, after having been deported to the Dominican Republic subsequent to his conviction for an aggravated felony,

in violation of Title _____8_____ United States Code, Section(s) ___1326(a) and (b)(2)___ .

I further state that I am a(n) __Deportation Officer, ICE__ and that this complaint is based
                                    Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Signature of Complainant
David W. Savina
Deportation Officer, ICE

Sworn to before me and subscribed in my presence,
_July 24, 2008_____         at      _Wilmington, DE_____
Date                                                            City and State

Honorable Mary Pat Thynge
_United States Magistrate Judge_____         _____
Name & Title of Judicial Officer                              Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA            )
                                    )
            v.                      )        CRIMINAL NO. 08-*125-M*
                                    )
JORGE MEJIAS,                       )
                                    )
            Defendant.              )


## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, David W. Savina, being duly sworn, depose and say:

1.      I am a Deportation Officer with the Department of Immigration & Customs Enforcement ("ICE"), a branch of the United States Department of Homeland Security ("DHS"), at the ICE office located in Dover, Delaware. I have been employed as a Deportation Officer since September 14, 1998.

2.      This affidavit is submitted in support of a criminal complaint charging Jorge MEJIAS with illegal re-entry into the United States after deportation. As described herein, Jorge MEJIAS is a citizen of the Dominican Republic, and is an alien who was previously deported from the United States subsequent to his conviction for an aggravated felony, as defined in Title 8, United States Code, Section 1101(a)(43)(A). Jorge MEJIAS has been found in the District of Delaware, being present in the United States without having first obtained the express consent of the Secretary of Homeland Security to re-enter, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

3.      The facts and information contained in this affidavit are based upon information obtained from DHS/ICE records, National Crime Information Center ("NCIC") records, Federal Bureau of Investigation ("FBI") records, and by my own observations and interviews.

4.      This affidavit contains information necessary to support probable cause for this application. This affidavit is not intended to include each and every fact and matter observed by me or known by the government.

5.      On or about July 22, 2008, the ICE Dover office received notification from the Henry R. Young Correctional Institution ("HRYCI"), in Wilmington, Delaware, that a possible illegal alien was incarcerated at the facility. On July 23, 2008 Jorge MEJIAS was fingerprinted on ICE's Integrated Automated Fingerprint Identification System (IAFIS). ICE database and NCIC record checks were conducted and IAFIS identified the fingerprints as those of Jorge MEJIAS, FBI Number 73691TB1. Several variations of his name and several nicknames are listed as aliases.

6.      On July 23, 2008, your affiant interviewed Jorge MEJIAS at the HRYCI. Once advised of his rights in English pursuant to *Miranda v. Arizona*, Jorge MEJIAS signed a written waiver of his rights and agreed to speak with your affiant. The subject stated that his true and correct name is Jorge MEJIAS, that he was born on a particular date in 1977 in the Dominican Republic and that he is a citizen of the Dominican Republic. Jorge MEJIAS stated that he had been last deported from the United States on July 11, 2007 and that he had re-entered the United States, without inspection or parole by an immigration officer, on or about March 22, 2008, at or near Houston, Texas. Jorge MEJIAS stated that he knew he had re-entered the United States illegally and that he had

2

not obtained the permission of the Attorney General of the United States or of the Undersecretary for Border and Transportation Security of the DHS before doing so.

7.      Your affiant has reviewed DHS/ICE alien database records and Jorge MEJIAS's ICE alien file (file number A74 010 547), which indicate that Jorge MEJIAS was in fact born in 1977 in the Dominican Republic and that he originally attempted to enter the United States without inspection on or about September 30, 2000 as a Stowaway.  Those records confirmed that Jorge MEJIAS was detained on board and removed from the United States to the Dominican Republic, and they contain no indication that he had obtained permission from the United States government to re-enter the country.  Records confirmed that Jorge MEJIAS re-entered the United States without inspection on or about November 25, 2000.  Those records confirmed that Jorge MEJIAS was deported from the United States to the Dominican Republic on September 12, 2002, and they contain no indication that he had obtained permission from the United States government to re-enter the country.

8.      Records confirmed that Jorge MEJIAS attempted to re-enter without inspection on or about November 10, 20003 as a Stowaway.  Those records confirmed that Jorge MEJIAS was detained on board and removed from the United States to the Dominican Republic, and they contain no indication that he had obtained permission from the United States government to re-enter the country.  Records confirmed that Jorge MEJIAS re-entered the United States without inspection on or about August 24, 2005.

9.      Your affiant queried the subject's fingerprints in an automated system and compared those fingerprints to fingerprints of Jorge MEJIAS taken when he was deported in July 2007.  The comparison was a match.

10.    ICE and Criminal database checks revealed that Jorge MEJIAS has a conviction for Delivery of a Narcotic Scheduled II Controlled Substance in the New Castle County, Delaware Superior Court and was sentenced to 3 years incarceration for this offense. This constitutes a conviction for an Aggravated Felony, as defined in Title 8, United States Code, Section 1101(a)(43)(A).

11.    The record checks also disclosed that Jorge MEJIAS was convicted in the United States District Court of Delaware for Illegal Re-entry, in violation of Title 8, United States Code, 1326(a). On this conviction, Jorge MEJIAS was sentenced to time served followed by 12 months of supervised release. Jorge MEJIAS was again deported from the United States on July 11, 2007.

12.    Based on the foregoing, I believe there is probable cause that Jorge MEJIAS, a citizen and alien of the Dominican Republic, was deported by ICE to the Dominican Republic on July 11, 2007, that he was found in the United States on July 22, 2008, and that prior to his re-embarkation at a place outside the United States, neither the Undersecretary for Border and Transportation Security of the DHS nor the Attorney General of the United States had expressly consented to Jorge MEJIAS' re-applying for admission, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

Respectfully submitted,

David W. Savina
Deportation Officer
United States Immigration & Customs Enforcement

Subscribed and Sworn to
Before me this _____ day of July 2008

Mary Pat Thynge
United States Magistrate Judge

5